STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**BLUE FLAME PIPELINE, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 20-0291** (BOR Appeal No. 2054712)
                        (Claim No. 2019002831)

**JAMES THOMAS,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Blue Flame Pipeline, LLC ("Blue Flame"), by counsel Lisa Warner Hunter, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). James Thomas, by counsel J. Thomas Greene Jr. and T. Colin Greene, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected Mr. Thomas's claim on May 30, 2019. On September 18, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated April 14, 2020, in which the Board reversed and vacated the ruling of the Office of Judges. The Board of Review found the claim to be timely filed, and the issue was remanded to the claims administrator with instructions to issue a protestable Order on the merits of the compensability of the claim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

. . . . (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office of Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

On July 12, 2018, Mr. Thomas was welding on a job location for Blue Flame when he sustained a concussion, laceration, and loss of consciousness in the course of and resulting from his employment. While he was seated, consuming his lunch, a mud board fell approximately seven feet after it vibrated off of a piece of equipment behind him and struck Mr. Thomas on the head. He was tended to by his welder's helper and eventually taken to MedExpress Urgent Care by Blue Flame's safety representative. Once at MedExpress, Mr. Thomas filled out the claimant's portion of an Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1 form"). Edward Brennan, D.O., filled out the Physician's section, describing his injury as concussion, laceration, and loss of consciousness. Dr. Brennen recommended that Mr. Thomas be taken directly to the Emergency Department at United Hospital Center. The safety representative for Blue Flame took him to the Emergency Department in a company vehicle, where he was diagnosed with a concussion.

Mr. Thomas received claims documents from the claims administrator, Travelers Insurance ("Travelers") on July 31, 2018, and August 1, 2018, that had been sent to both Blue Flame and to Mr. Thomas. The document from July 31, 2018, was a notice of injury stating that Travelers was aware of Mr. Thomas's date and time of injury, the date his injury was reported to Blue Flame, the time notice was received, home address, employment position, and a variety of other information relevant to his injury. The document stated, "[w]e are writing to let you know that we received notice of your employee's injury." The claim was assigned claim number 062-CM-FEU5631-K. The documents received August 1, 2018, included a notice of injury occurring on July 12, 2018, claim forms, as well as a claim ID card.

On August 3, 2018, Mr. Thomas returned to United Hospital Center via ambulance, where he presented with seizure-like symptoms. His seizure lasted approximately five minutes, during which time he bit his tongue. A CT scan did not show intracranial hemorrhaging. The impression was seizure-like activity and acute kidney injury. Mr. Thomas was again seen at United Hospital Center on October 8, 2018, after complaints of dizziness, blurred vision, nausea and double-vision while driving. He stated that he had developed a headache the night before which was mostly left-

sided and started at the back of his head going into his left eye. The impression was headache, elevated serum creatinine, and dizziness.

On October 30, 2018, Mr. Thomas required another visit to United Hospital Center for follow-up care. While there, he filled out another WC-1 form for his July 12, 2018, injury. He again described his injury as, "sitting behind equipment for lunch, mud board vibrated off, hit on head." Zaid Al-Qudah, M.D., with United Hospital Center's Neurology Department, signed the provider section of the form on December 10, 2018. Dr. Al-Qudah noted the date of initial treatment as July 12, 2018, and that Mr. Thomas suffered a head injury due to an occupational injury.

Mr. Thomas was again seen at United Hospital Center on April 18, 2019, where he was transported by ambulance after experiencing a seizure. It was noted that he had a history of seizure disorder following his closed head injury of July 12, 2018. The diagnosis was seizure disorder and laceration of the lip. He was referred to his neurologist and encouraged to continue his anti-seizure medication.

The claims administrator issued an Order on May 30, 2019, which rejected the claim by stating that the investigation determined the WC-1 form was not submitted to the carrier in a timely manner. Mr. Thomas protested the claims administrator's decision. In support of his protest, he testified at a deposition taken on August 7, 2019, that he had ongoing email communication with Allison Jones, a claims representative with the claims administrator, from April 30, 2019, to May 30, 2019, regarding the cost of medications, treatment issues, and settlement negotiations. Mr. Thomas reported that Ms. Jones did not inform him that his file was missing a WC-1 during their multiple communications. He stated that he believed that the reports and paper-work were completed when he initially had treatment on July 12, 2018, due to the fact that the accident happened at work, and he had been transported for medical care by Blue Flame's safety representative.

Mr. Thomas argues that he completed two Reports of Injury before the six-month statute of limitation for an injury claim expired. When Mr. Thomas first responded to the email from Ms. Jones, there was no mention that the claims administrator did not have the Report of Injury. He maintained that he was not at fault because the claims administrator lost the Reports of Injury as they acknowledged that they were in receipt of the notice of injury. Blue Flame argues that Mr. Thomas filed his application for benefits on April 29, 2019, and the claims administrator did not have jurisdiction to accept the claim. On September 18, 2019, the Office of Judges ordered that the claims administrator's decision dated May 30, 2019, be affirmed. The Office of Judges concluded that the claims administrator did not have jurisdiction to accept Mr. Thomas's claim.

On appeal, the Board of Review noted that two WC-1 applications are in the record. One of the applications was signed by Mr. Thomas and a medical provider at MedExpress on July 12, 2018. The second application was signed by Mr. Thomas on October 30, 2018, and by a medical provider at United Hospital Center on December 10, 2018. Although he did not submit the first claim application to the claims administrator himself, Mr. Thomas testified that he thought that it

had been submitted as part of the regular course of business. He did not remember details about the second claim application.

The Board of Review found that this Court has addressed the timeliness of filing a claim in *Baker v. Centre Foundry Machine Company*, No. 17-0749, (W. Va. May 17, 2018) (memorandum decision). In *Baker*, the Court stated, "[o]ur holding in *France* is consistent with the rule followed by the majority of jurisdictions that an employee's failure to timely apply for workers' compensation benefits may be excused when the failure was caused by the employer or its insurance carrier misleading the employee to believe that filing an application for workers' compensation is not necessary and that he or she 'will be taken care of.' Following *Baker,* the Court decided *Asplundh Tree Expert Company v. Lafon*, No. 18-0217, (W. Va. May 29, 2018) (memorandum decision), in which the Court affirmed the Board of Review's Order holding that the claim was timely filed. In *Lafon*, the claimant's boss took him to MedExpress on the date of injury and it was found that the employer and claims administrator had actual knowledge of the claimant's injury, along with the information necessary to proceed with a claim.

Based upon the Court's reasoning in *Baker* and *Lafon*, the Board of Review found that the employer and the claims administrator had actual knowledge of Mr. Thomas's injury and the information necessary to proceed with his claim. The evidence indicates that Blue Flame's safety representative took him to MedExpress and then to the hospital on the date of injury. The claims administrator sent Mr. Thomas a letter telling him that a claim number would be assigned after the claim was received. Subsequently, the claims administrator sent him a Claim ID card with a claim number. The claims representative then exchanged emails with Mr. Thomas regarding his claim and a potential settlement. Because the employer and the claims administrator were made aware of the claim within the six-month statutory period allowed for filing a claim, the Board of Review found that there was no reason for Mr. Thomas to think that anything else was required of him. The Board of Review concluded that the claim was timely filed. The decision of the Office of Judges dated September 18, 2019, was reversed and vacated, and the claim was remanded to the claims administrator for a ruling on the merits of the compensability of the claim.

On appeal, we agree with the decision of the Board of Review. The purpose of the WC-1 Employees' and Physicians' Report of Occupational Injury and Disease is to give notice to the employer and insurance company that there has been an injury and that the employee will require insurance coverage as mandated by state law as he or she seeks medical attention to heal. In the present case, both Blue Flame and the insurance carrier demonstrated that they had actual notice, as detailed by the Board of Review, giving Mr. Thomas every reason to believe that he had an established claim and entitlement to medical benefits. The Board of Review did not err in holding that Mr. Thomas's claim was timely filed.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton